UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JASON CHRISTOPHER GENTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 5:20-cv-00119-MHH-SGC |
| ) | |
| WARDEN TONEY, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

The magistrate judge entered a report on January 7, 2021, in which she recommended that Jason Christopher Gentle not be allowed to proceed with his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because it is untimely, meaning the petition is barred by the applicable one-year statute of limitations.  (Doc. 12).  On March 15, 2021, Mr. Gentle filed objections to the report and recommendation.  (Doc. 20).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's

recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Gentle restates his argument that his appellate counsel was ineffective because he failed to file a motion for new trial and raise the issue of ineffective assistance of trial counsel within the time allowed under state law. (Doc. 20, p. 1). Mr. Gentle acknowledges, though, that the Alabama Court of Criminal Appeals ruled on the merits of his ineffective assistance of counsel claims. (Doc. 20, pp. 1–2). Mr. Gentle argues his counsel's "failing qualified [his] case to fall within the requirements of Martinez v. Ryan and Trevino v. Thaler," excusing him from the one-year statute of limitations. (Doc. 20, p. 4).

Neither the *Martinez* decision nor the *Trevino* decision excuses Mr. Gentle's delay in filing his federal habeas petition. *Martinez v. Ryan,* 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. 413 (2013). In *Martinez* and *Trevino*, the Supreme Court considered state procedural laws and discussed the concept of procedural default. In *Martinez*, the Supreme Court held that "a procedural default will not bar a federal

2

habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding . . . counsel in that proceeding was ineffective." *Martinez,* 566 U.S. at 17.  In *Trevino*, the Supreme Court reiterated the holding in *Martinez* and extended it to cover a situation in which the "state procedural framework . . . makes it highly unlikely . . . that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 569 U.S. at 429.  Mr. Gentle's habeas petition is barred by the statute of limitations, not by procedural default.  So, *Martinez* and *Trevino* do not allow Mr. Gentle to avoid the statute of limitations.

In his objections, Mr. Gentle has not challenged the magistrate judge's calculation of the federal statute of limitations, and he has not explained why he did not file his federal habeas petition sooner.  The Court finds no error in the magistrate judge's calculation of the statute of limitations.  Mr. Gentle filed his federal habeas petition on December 31, 2019, more than two-and-a-half years after the statute of limitations expired.  Because there is no basis in the record for tolling the statute of limitations under the law that governs Mr. Gentle's habeas petition, the Court must deny the petition because Mr. Gentle waited too long to pursue his claim.

Therefore, after consideration of the record in this case, the Court overrules Mr. Gentle's objections, adopts the magistrate judge's report, and accepts her recommendation.  The Court will not issue a certificate of appealability.  If Mr.

Gentle wishes to appeal, he must request a certificate of appealability from the Eleventh Circuit Court of Appeals.

By separate order, the Court will dismiss Mr. Gentle's habeas petition because it is time-barred.

**DONE** and **ORDERED** this March 26, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE